IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                              Plaintiff,

    v.

JON E. LITSCHER and SCOTT WALKER,

                             Defendants.

OPINION and ORDER

18-cv-467-jdp

---

Plaintiff Willie Simpson, appearing pro se, is a prisoner at Green Bay Correctional Institution. Simpson filed this lawsuit in the circuit court for Dane County, Wisconsin, alleging that state officials have denied him a parole hearing, failed to properly treat him for human immunodeficiency virus, and interfered with his mail. Defendants removed the case to this court and paid the $400 filing fee. Additionally, defendants have filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin, stating that Simpson's claims about his medical treatment at GBCI involve events and witnesses limited to the Eastern District. Simpson has filed a motion for preliminary injunctive relief and for entry of default.

Because Simpson is a prisoner, the next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Because Simpson is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

In screening the complaint, I conclude that Simpson's allegations do not all belong together in the same lawsuit, and that he has not named the correct parties as defendants for each of his claims.

District courts have an independent duty to apply Federal Rule of Civil Procedure 20 to prevent improperly joined parties from proceeding in a single case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (complaint raising unrelated issues against different defendants should be rejected by district court under Rule 20). Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. *George*, 507 F.3d at 607.

Simpson's complaint does not join *defendants* who do not belong together in one lawsuit, because he names only former Wisconsin governor Scott Walker and former Department of Corrections Secretary Jon Litscher as defendants for all of his claims. But Walker and Litscher clearly are not the correct defendants for at least two of his three sets of claims. Simpson alleges that:

1. Walker and Litscher maintain state laws and policies that prohibit him from receiving a parole hearing that he entitled to under his convictions under previous Wisconsin sentencing law.

2. His lack of parole causes him to continue to be subjected to the DOC's substandard medical treatment for his HIV.

3. Various GBCI officials routinely intercept his incoming and outgoing mail.

Even if Walker and Litscher are the correct defendants on the parole-hearing claim, these high-level officials cannot be held personally responsible for Simpson's medical treatment

2

or the denial of his mail. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."). The proper defendants are the officials who actually took part in denying him adequate care or who intercepted his mail.

If Simpson named as defendants all of the officials directly responsible for his medical care or mail interference, he could not bring the claims together in one lawsuit under Rule 20. Simpson appears to be under the impression that all of these claims belong together in part because they stem from his continued imprisonment. But that is not what Rule 20 means by a "series of transactions or occurrences." Simpson describes three different problems, all of which appear to have been caused by three separate groups of prison officials. This means that Simpson's current complaint really contains three separate lawsuits.

This is a problem even though defendants have removed the case from state court. Under 28 U.S.C. § 1914(a), a filing fee is required for each civil action, whether the case is instituted "by original process, removal or otherwise." This court has previously resolved the type of issue raised here by having defendants choose which of the plaintiff's separate lawsuits the defendants wished to apply their filing fee to, and whether they wished to remove the other lawsuit by paying another filing fee. *See Kaufman v. Pugh*, No. 11-cv-168-bbc, 2011 WL 2436220 (W.D. Wis. June 14, 2011). That is the path I will follow here. After defendants choose a lawsuit described above to apply their filing fee to, and they explain whether they

3

wish to remove any of the other lawsuits, they may renew their motion to transfer. Should defendants choose one of the lawsuits for which Simpson has not named the proper defendants, I will direct Simpson to amend his complaint or the case will be dismissed. I will deny defendants' current motion to transfer and Simpson's motions for preliminary injunctive relief and for entry of default as premature.

One final point. Simpson opposes both removal and transfer because he faces a filing bar in courts of this circuit. *See* Dkt. 3-2 (sanction order in *Simpson v. Eckstein*, No. 16-3436 (7th Cir. Mar. 30 2017). But the court of appeals has made clear that a defendant has the right to remove a case to federal court even if the plaintiff faces a filing bar, *see In re Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996), and there is no reason to think that transferring a case from one district court to another would be barred by the sanction either.

ORDER

IT IS ORDERED that:

1. Defendants may have until January 30, 2019, to respond to this order by explaining which of plaintiff's three lawsuits they wish to remove.

2. Defendants' motion to transfer, Dkt. 2, and plaintiff's motions for preliminary injunctive relief, Dkt. 7, and for entry of default, Dkt. 10, are DENIED as premature.

Entered January 11, 2019.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge