IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

          Plaintiff,

v.

JON E. LITSCHER and SCOTT WALKER,

          Defendants.

ORDER

18-cv-467-jdp

---

Plaintiff Willie Simpson, appearing pro se, is a prisoner at Green Bay Correctional Institution (GBCI). Simpson filed this lawsuit in the circuit court for Dane County, Wisconsin, alleging that state officials have denied him a parole hearing, failed to properly treat him for human immunodeficiency virus, and interfered with his mail. Defendants removed the case to this court and paid the $400 filing fee. Defendants also filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin, stating that Simpson's claims about his medical treatment at GBCI involve events and witnesses limited to the Eastern District.

In screening the complaint, *see* Dkt 14, I concluded that there were underlying problems with the case that needed to be resolved before I could consider the merits of Simpson's claims: his allegations did not all belong together in the same lawsuit, and he did not name the correct parties as defendants for each of his claims. The complaint contained allegations belonging in three lawsuits:

1. Walker and Litscher maintain state laws and policies that prohibit Simpson from receiving a parole hearing that he is entitled to under his convictions under previous Wisconsin sentencing law.

2. His lack of parole causes him to continue to be subjected to the DOC's substandard medical treatment for his HIV.

3. Various GBCI officials routinely intercept his incoming and outgoing mail.

Because defendants removed a complaint with allegations that belong in three different lawsuits, I directed them to choose which of the lawsuits they wished to apply their filing fee to, and whether they wished to remove the other lawsuits by paying additional filing fees. *Id.* at 3–4. Defendants have responded by stating that they wish to remove all three cases and would pay two additional $400 filing fees to support those removals. *See* Dkt. 15.

I told Simpson that if defendants chose lawsuits Nos. 2 or 3, he would have to amend his complaint to name as defendants the prison officials involved in his medical treatment or the denial of his mail. Dkt. 14, at 2–3. Simpson filed a motion for leave to amend his complaint, Dkt. 17, and a proposed amended complaint, Dkt. 18, fleshing out the identities of the GBCI staff involved in his claims.

I will grant Simpson's motion to amend and I will consider the new complaint to be the operative pleading. I will direct the clerk of court to docket Simpson's amended complaint into two new case numbers. I will consider Case No. 18-cv-467 to contain Simpson's parole claims. The HIV-treatment and mail-interception claims will be considered in the two separate new cases. I will give defendants a short time to make two additional $400 filing-fee payments. Now that the three cases have been split up, I will also give defendants a short time to renew their motion to transfer any or all of the cases.

Simpson has filed several motions, including a motion to remand whatever cases defendants choose not to remove, Dkt. 16, a motion to have the United States Marshal serve defendants, Dkt. 26, a motion for temporary restraining order, Dkt. 22, and a motion to sanction defendants for failing to comply with his proposed order, Dkt. 27. With one exception, I will deny these motions because Simpson faces a filing bar in courts of this circuit.

*See* Dkt. 3-2 (sanction order in *Simpson v. Eckstein*, No. 16-3436 (7th Cir. Mar. 30, 2017). The Court of Appeals for the Seventh Circuit has sanctioned Simpson by directing all courts of the circuit to reject his civil complaints and any other submissions until he pays a $1,000 fine levied against him by the court. *Id.* In situations in which a defendant removes a state-court civil action filed by a plaintiff under a federal-court filing bar, this court has interpreted the sanction order to generally limit the plaintiff's ability to file documents proactively—that is, file motions on his own behalf—but it has allowed the plaintiff to file responses to motions filed by the defendant or to court directives. *See, e.g.*, *Balele v. Olmanson*, No. 13-cv-783-jdp, 2017 WL 90387, at *1 (W.D. Wis. Jan. 10, 2017). Simpson's filings are barred by this sanction.

The one exception is that as part of his motion for temporary restraining order, Simpson says that prison officials have retaliated against him for bringing these lawsuits by forcing him to drink his nutritional-supplement beverage out of a bag, which he says "prevent[s] [him] from consuming" it. Dkt. 24, at 2. I will not apply Simpson's filing bar to allegations that prison staff is endangering his health by interfering with prescribed medical treatment. I will direct the state to respond to this allegation.

ORDER

IT IS ORDERED that:

1. Plaintiff Willie Simpson's motion for leave to amend his complaint, Dkt. 17, is GRANTED.

2. The clerk of court is directed to open plaintiff's amended complaint, Dkt. 18, under two new case numbers. The court will consider Simpson's HIV-treatment and mail-interception claims in the two new cases.

3. Defendants may have until July 9, 2019, to make two additional $400 filing-fee payments.

4. Defendants may have until July 9, 2019, to renew their motion to transfer any or all of the now-separated lawsuits.

5. Defendants may have until July 2, 2019, to respond to plaintiff's allegations regarding his nutritional supplement.

6. Plaintiff's remaining motions are DENIED.

Entered June 25, 2019.

                        BY THE COURT:

                        /s/
                        _____
                        JAMES D. PETERSON
                        District Judge