IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                Plaintiff,

v.

GREEN BAY CORRECTIONAL INSTITUTION,
TONY EVERS, KEVIN A. CARR, CAPT. VANLANAN,
CAPT. ELSINGER, SGT. WEYCKER, SGT HERT,
SGT. FRIEDEL, SGT. RETLAFF, CO KORPITTA,
CO FRUIBRODTTE, CO DEIDRICK, CO ERNIE,
CO LUETERMAN, JEAN LUTSEY, SUE PETERS,
and CAPT. BAUMAN,

                Defendants.

ORDER

18-cv-467-jdp
19-cv-524-jdp
19-cv-525-jdp

---

Plaintiff Willie Simpson, appearing pro se, is a prisoner at Green Bay Correctional Institution (GBCI). Simpson filed this lawsuit in the circuit court for Dane County, Wisconsin, alleging that state officials have (1) denied him a parole hearing; (2) failed to properly treat him for human immunodeficiency virus; and (3) interfered with his mail. The defendants named in the original complaint—Jon Litscher and Scott Walker—removed the case to this court and paid the $400 filing fee. Defendants also filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin, stating that Simpson's claims about his medical treatment at GBCI involve events and witnesses limited to the Eastern District.

I previously concluded that Simpsons' claims belonged in three different lawsuits, that defendants would have to choose which case they removed or pay additional filing fees, and that Simpson needed to amend his complaint to identify the prison officials involved in his

medical treatment and the denial of his mail. Dkt. 14.[1] Simpson submitted an amended complaint. Dkt. 18. The bulk of the updated defendants, who are represented by the Wisconsin Department of Justice, paid two additional filing fees and have renewed their motion to transfer; they now seek to transfer all three cases.

Defendants contend that the '524 lawsuit (about Simpson's HIV treatment at GBCI) and '525 lawsuit (about mail interference at GBCI) should be transferred for improper venue. They say that none of the defendants for the claims in those cases reside in the Western District because they are all employed at GBCI. *See* 28 U.S.C. § 1391(b). But this doesn't necessarily follow; a person's place of employment is not their place of residence, and stranger things have happened than a Green Bay-based employee residing in the Western District.

Nonetheless, it is clear that the Eastern District is a more convenient venue for these cases, warranting transfer under 28 U.S.C. § 1404(a). Under this rule, a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Defendants bear the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219.

Simpson is housed at GBCI. All of the defendants in these two cases work at GBCI, which almost certainly means that an Eastern District courthouse will be closer for them than

---

[1] All court-docket references are to the docket in case no. 18-cv-467-jdp.

the Western District's courthouse in Madison. The same holds true for witnesses working at GBCI or off-site medical providers in the Green Bay area. And all the events at issue in these two cases took place in and around GBCI. Simpson chose to file his case in this court rather than the Eastern District court. But the usual deference to that decision is diminished 'when another forum has a stronger relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010). So despite Simpson's preference, the other factors discussed above show that the Eastern District is a clearly more convenient forum for the HIV-treatment and mail-interference cases.

The second part of the analysis is the interest-of-justice inquiry. It "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

Defendants submit statistics showing that the Eastern District and Western District share similar case-processing times, and I have no doubt that both courts are familiar with the relevant law. The interests-of-justice factor does not weigh for or against transfer.

In opposing defendants' motions to transfer all three cases, Simpson does not directly address any of these issues. Instead, he says that removal was improper because then-defendants waited more than 30 days after they received the initial complaint. But it is far too late for Simpson to raise an objection to removal. Under 28 U.S.C. § 1447(c), he had 30 days

from the removal to challenge it on any basis other than lack of subject-matter jurisdiction. *See, e.g., Walker v. Macy's Retail Holding, Inc.*, No. 14 C 2513, 2015 WL 970107, at *2 (N.D. Ill. Feb. 26, 2015) (objection to removal based on untimeliness was waived where plaintiff raised it more than 30 days after the notice of removal was filed).

Even had Simpson's objection been timely, I would reject it because he failed to properly serve defendants with a summons or complaint before they removed it (defendants say that they removed the case after receiving a "notice of hearing" from the state court). I take Simpson to be saying that the 30-day clock started either when he filed the complaint in state court or he mailed the summons and complaint to defendants. But the 30-day window to remove starts with formal service, not just by filing the complaint in court. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). And mere mailing alone does not accomplish service in Wisconsin. *See* Wis. Stat. § 801.11. So because the Eastern District will be more convenient and because removal is proper, I will transfer the '524 and '525 cases to the Eastern District.

That leaves the '467 case, in which Simpson alleges that defendants Governor Tony Evers and DOC Secretary Kevin Carr—in their individual and official capacities—maintain state laws and policies that prohibit Simpson from receiving a parole hearing that he is entitled to under his convictions under previous Wisconsin sentencing law. These defendants presumably reside in the Western District. The state defendants say that many of the likely witnesses reside in the Eastern District, but they do not support that assertion with the names or likely testimony of any witness. From Simpson's allegations, it appears likely that this case will center more on a legal analysis of Simpson's sentence and state law than on factual disputes over specific incidents for which witnesses are necessary. So, at least at present, defendants fail

4

to make a showing that convenience in the Eastern District outweighs Simpson's choice of venue. Accordingly, I will deny defendants' motion to transfer the '467 case.

There is a final matter to resolve. Simpson has filed a motion for reconsideration of my July 3, 2019 decision denying his motion for preliminary injunctive relief. Dkt. 34. Simpson alleged that prison officials were retaliating against him for bringing these lawsuits by forcing him to drink his nutritional-supplement beverage out of a bag, which he says "prevent[s] [him] from consuming" it. Dkt. 24, at 2. I directed the state to respond to Simpson's allegation. Counsel for the state defendants responded that prison staff removed the "container restriction" and now allow Simpson to drink out of a can while staff monitors him. I denied Simpson's motion because the problem had been resolved. Dkt. 34.

In his motion for reconsideration, Simpson contends that his motion is not mooted simply because prison staff stopped serving him the supplement out of a bag. Simpson is correct that defendants cannot ordinarily evade judicial review of particular conduct by voluntarily ceasing the conduct—the obvious concern being that the defendant could restart that conduct as soon as the claim for injunctive relief is dismissed. *See, e.g., Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir. 2006). But Simpson misunderstands the posture of this case. This was not a full-blown, thoroughly briefed motion for preliminary injunctive relief. At that stage of the proceedings, it was not yet clear whether the state sought to remove all three of Simpson's cases, or whether any of those cases would be transferred. I directed the state to respond to Simpson's allegation out of concern for his health. But if Simpson wants a formal injunction forcing prison officials to provide him his supplement a certain way, he will need to file a new motion in his HIV-treatment case, which I am transferring to the Eastern District. I will deny his motion for reconsideration.

ORDER

IT IS ORDERED that:

1. The state defendants' motion to transfer these cases, Dkt. 37 in case no. 18-467, is GRANTED in part.

2. Case nos. 19-cv-524-jdp and 19-cv-525-jdp are TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

3. Case no. 18-cv-467-jdp will remain in this court.

4. Plaintiff Willie Simpson's motion for reconsideration of the court's July 3, 2019 decision denying his motion for preliminary injunctive relief, Dkt. 38, is DENIED.

Entered August 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge