IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                      Plaintiff,                      OPINION and ORDER

    v.

                                                         18-cv-467-jdp

TONY EVERS and KEVIN A. CARR,

                      Defendants.

---

Plaintiff Willie Simpson, appearing pro se, is a prisoner at Green Bay Correctional Institution (GBCI). Simpson filed this lawsuit in state court and defendants removed it. I previously concluded that Simpson's claims belonged in three different lawsuits; defendants then paid two additional filing fees and I transferred two of the three cases (about medical care and mail tampering) to the Eastern District. *See* Dkt. 48. I retained Simpson's parole-deprivation case, in which Simpson alleges that defendants Governor Tony Evers and DOC Secretary Kevin Carr maintain state laws and policies that prohibit him from receiving a parole hearing or release that he is entitled to for his convictions under previous Wisconsin sentencing law. *Id.*

Because Simpson is a prisoner, the next step is for me to screen Simpson's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.[1] In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the

---

[1] Defendants have filed a motion asking the court to screen the complaint, Dkt. 49, which I will grant.

complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Simpson's complaint does not state claims for relief because he does not plausibly explain how his rights are being violated. I'll give him a chance to supplement his complaint to further explain his claims.

ANALYSIS

Simpson alleges that Wisconsin's "truth in sentencing" reforms in the late '90s retroactively altered his ability to be paroled, in violation of the Ex Post Facto and Due Process clauses of the United States Constitution. Simpson has three sexual-assault convictions under the state's prior sentencing regime (know as the "New Law"), with consecutive sentences totaling 65 years of prison time. Simpson says that because of changes to Wisconsin law under the truth-in-sentencing regime, prison officials refuse to release him on his mandatory release date for each of the three sexual-assault convictions. He also says that the truth-in-sentencing law terminated his parole eligibility, so he has not received parole hearings to which he was entitled under his "New Law" sentences.

In 2011, Simpson brought a similar case in this court: he alleged that state officials violated the Ex Post Facto Clause by retroactively applying the truth-in-sentencing laws to his sentence computation, eliminating his parole eligibility. *See Simpson v. Walker*, No. 11-cv-838-bbc (W.D. Wis.). The court dismissed the case because Simpson was mistaken that the truth-in-sentencing laws applied to his sentences. *See* Dkt. 38 in the '838 case. Simpson interpreted statements on his inmate classification reports stating that he was "sentenced under New Law" as meaning that officials applied the new truth-in-sentencing laws to his sentence. *Id.* at 4. But "New Law" referred to the prior sentencing regime, as opposed to the "Old Law"

applying to crimes committed before June 1, 1984. *Id.* at 4–5. The court noted that Simpson presented no evidence suggesting that his parole eligibility had been revoked, and that records showed that he retained a parole eligibility date of August 5, 2015. *Id.* at 5–6.

In this case, Simpson's amended complaint fails to state a plausible claim for relief because, as in the '838 case, Simpson misreads Wisconsin law. Simpson again says that the truth-in-sentencing laws have been applied to his sentence. Unlike the '838 case, it's true that the truth-in-sentencing laws now apply to his sentence, at least to a point. Over the last several years, Simpson has incurred new convictions, with sentences consecutive to his sexual-assault sentences. *See* Grant County Case No. 2011CF123, Grant County Case No. 2011CF220, and Dodge County Case No. 2012CF66. A sentence computation sheet attached to Simpson's original complaint, Dkt. 1-1, at 20, and my review of the state court system's electronic records[2] shows that Simpson has incurred about 16 years' worth of additional incarceration time under these new convictions. These convictions are subject to the truth-in-sentencing laws because they relate to criminal offenses that took place after the truth-in-sentencing laws were passed.

I take Simpson to be saying that he has been deprived of his right to parole in two ways by the truth-in-sentencing laws. First, he says that prison officials refused to release him on his mandatory release date for each of the three sexual-assault convictions. For instance, he states, "The DOC deliberately refused to release plaintiff on his mandatory release date for the 15 year sentence imposed [on his 1996 conviction] and required plaintiff to serve the entire 15 year term of confinement in prison." Dkt. 18, at 7. If what Simpson is saying is that he should

---

[2] https://wcca.wicourts.gov.

have already been released, that's a claim for a habeas corpus petition, not this case brought under 42 U.S.C. § 1983.

Regardless, Simpson's position is frivolous. The truth-in-sentencing laws did not alter the availability of mandatory release. Even under the "New Law," prisoners are entitled to mandatory release only after completing two-thirds of their *entire sentence*. *See* Wis. Stat. § 302.11(1) and (3) (1995–96) (mandatory release date set at two-thirds of sentence, but consecutive sentences "shall be computed as one continuous sentence"). In Simpson's case, this was two-thirds of 65 years, which is why the documents he submitted the '838 case show that his mandatory release date was in 2042 (amended to 2043 after disciplinary infractions). *See* Dkt. 38 in the '838 case, at 2–3. At no point did he have a right to mandatory release within the first 15 years of his sentence.

Simpson's second theory of relief is that the addition of his 2011 and 2012 sentences—subject to the truth-in-sentencing laws—eliminated his right to parole hearings after one-fourth of his New Law sentence time. I take him to be saying that this will force him to serve his entire 65-year New Law sentence and his initial-confinement time on his new convictions before he is eligible for extended supervision. But nothing in the statutes he cites or other records he provides states that parole hearings are rescinded for prisoners who incur truth-in-sentencing convictions on top of their New Law convictions. And the state's inmate locator website shows that Simpson has a parole eligibility date of October 12, 2020.[3] It's unclear why this date has moved from 2015 to 2020 since Simpson's 2011 case. Perhaps it's the result of his new convictions or the result of additional disciplinary infractions. But Simpson does not allege

---

[3] *See* https://appsdoc.wi.gov/lop.

that this change violates his rights or is caused by implementation of the truth-in-sentencing laws.

As currently constructed, the complaint does not state a claim for relief. But because Simpson appears pro se, I will not dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). I will give him a chance to file a supplement to his complaint in which he explains how he knows that he has been deprived of parole eligibility.

REMAINING MOTIONS

Defendants filed a motion for an extension of time to respond to Simpson's complaint pending screening of the complaint. Dkt. 49. Simpson countered with a motion asking the clerk of court to enter default against defendants for failing to answer the amended complaint. Dkt. 59. Simpson also filed a motion for summary judgment, Dkt. 50, which defendants ask to strike under the terms of the filing bar that Simpson faces in courts of this circuit. Dkt. 54; *see also* Dkt. 3-2 (sanction order in *Simpson v. Eckstein*, No. 16-3436 (7th Cir. Mar. 30, 2017)).

Defendants didn't have to respond until after I screened Simpson's amended complaint, and they won't have to file a response unless I grant Simpson leave to proceed on claims after receiving his supplement. I'll deny Simpson's motion to enter default and I'll deny defendants' motion for an extension of time to file a response as moot.

Defendants are correct that Simpson's filing bar precludes him from filing motions for summary judgment, so I'll grant their motion to strike Simpson's summary judgment motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion to screen the complaint, Dkt. 49, is GRANTED.

2. Plaintiff Willie Simpson may have until February 17, 2020, to submit a supplement to his amended complaint.

3. Plaintiff's motion for entry of default, Dkt. 59, is DENIED.

4. Defendants' motion for an extension of time to respond to plaintiff's amended complaint, Dkt. 49, is DENIED as moot.

5. Defendants' motion to strike plaintiff's motion for summary judgment, Dkt. 54, is GRANTED. Plaintiff's motion, Dkt. 50, is STRUCK.

Entered January 28, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge