IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE SIMPSON,

                      Plaintiff,                          OPINION and ORDER

     v.

                                                                18-cv-467-jdp

TONY EVERS and KEVIN A. CARR,

                      Defendants.

---

    Plaintiff Willie Simpson, appearing pro se, is a prisoner at Green Bay Correctional Institution (GBCI). Simpson alleges that defendants Governor Tony Evers and DOC Secretary Kevin Carr maintain state laws and policies that prohibit him from receiving a parole hearing or release that he is entitled to for his convictions under previous Wisconsin sentencing law. *Id.* In my order screening Simpson's complaint, I concluded that he failed to state claims for relief because he did not plausibly explain how his rights were being violated. Dkt. 60. But I gave him a chance to supplement his complaint to explain how his rights are violated under the current sentencing regime. Simpson has provided the supplement, Dkt. 61, but it does not change my conclusion.

    Simpson alleges that Wisconsin's "truth in sentencing" reforms in the late 1990s retroactively altered his ability to be paroled, in violation of the Ex Post Facto and Due Process clauses of the United States Constitution. Simpson has three sexual-assault convictions under the state's prior sentencing regime, known informally as the "New Law," which applied to offenses committed before December 31, 1999. For those convictions Simpson was sentenced to three consecutive sentences totaling 65 years of incarceration. Under the New Law, Simpson

is first eligible for parole at 25 percent of his sentence, and he is entitled to mandatory release at two-thirds of his sentence. He's not guaranteed parole at his first eligibility.

Simpson also has convictions in three cases for offenses committed while incarcerated. The resulting sentences are governed by the truth-in-sentencing regime, which applies to offenses committed on or after December 31, 1999. For those convictions Simpson got consecutive sentences totaling about 16 years confinement. Simpson is not eligible for parole on any of these sentences, nor is he entitled to mandatory release before serving these sentences entirely.

Simpson first theory is that because of changes to Wisconsin law under the truth-in-sentencing regime, prison officials refuse to release him at his mandatory release date for any of his three New Law sexual-assault convictions. I concluded that Simpson was incorrect about the truth-in-sentencing law altering the availability of mandatory release: even under the previous New Law regime, mandatory release is available at two-thirds of his total sentence, not at two-thirds of each individual sentence making up his long consecutive New Law sentence. Dkt. 60, at 4.

Simpson's second theory of relief is that the addition of his 2011 and 2012 sentences—subject to the truth-in-sentencing laws—eliminated his right to parole hearings after one-fourth of his New Law sentence time. I took him to be saying that this will force him to serve his entire 65-year New Law sentence and his full initial-confinement time on his new convictions before he is eligible for release to extended supervision.

Simpson has filed a supplement, Dkt. 61, along with materials in support, Dkt. 62, including his various judgments of conviction, a sentence-computation worksheet, and a document titled "Wisconsin Prisoner Reentry Programs" that discusses how truth-in-

sentencing laws work. Again, he appears to assume that the truth-in-sentencing law now applies to his entire collective sentence because some of his sentences came after truth-in-sentencing was enacted. But none of the authorities he cites or materials he submits support his theory that parole hearings, or parole consideration, are denied to prisoners who incur truth-in-sentencing convictions on top of their existing New Law convictions. As I stated in my previous order, the state's inmate locator website shows that Simpson has a parole eligibility date of October 12, 2020.[1] Because of the severity of his crimes, and because Simpson has committed additional crimes while incarcerated, he is unlikely to be granted parole at his first eligibility. But there's no reason to think that Simpson will be deprived of parole consideration as provided under the New Law sentencing regime, which governs his sexual assault sentences.

Because Simpson fails to state a claim upon which relief may be granted, I'll dismiss this case.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff Willie Simpson's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered August 27, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[1] *See* https://appsdoc.wi.gov/lop.